**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AGILITY LOGISTICS CORP. f/k/a
GEOLOGISTICS AMERICAS, INC.

        Plaintiff,

v.

AMERICAN PRESIDENT LINES, LTD.
d/b/a APL; HYUNDAI CORPORATION and
HYUNDAI CONFIDENCE v. 103E'S

        Defendants.
_____/

Case No. 08-0454 (AKH)

ECF Case

**COMPLAINT**

Plaintiff, AGILITY LOGISTICS CORP., f/k/a GEOLOGISTICS AMERICAS, INC., (hereafter "AGILITY"), by and through its undersigned counsel, as and for its Complaint against Defendants, AMERICAN PRESIDENT LINES, LTD. d/b/a APL; HYUNDAI CORPORATION and HYUNDAI CONFIDENCE v. 103E'S, alleges as follows:

**JURISDICTION AND VENUE**

1. The instant action is a claim for damages in excess of $75,000.00 exclusive of fees, costs, and interest.

2. That the instant action is in whole or in part maritime in nature and arises out of the international ocean transport of cargo by the Defendants.

3. That this Court has subject matter jurisdiction pursuant to 28 USC Sections 1331 and 1332; the parties have diverse citizenship.

4. That upon information and belief, Defendant AMERICAN PRESIDENT LINES, LTD., d/b/a APL (hereinafter "APL") is a foreign corporation with its principal place of business at 111 Broadway, Oakland, California 94607.

5. That upon information and belief, Defendants, HYUNDAI CORP. and HYUNDAI CONFIDENCE v. 103E'S (hereinafter collectively referred to as "HYUNDAI") is a foreign corporation with its principal place of business at 10th – 12th Floor, Heung-Kuk Life Insurance Building 226, 1Ga, Sinmunno, Jongno-gu, Seoul, Korea, 110-786.

6. That Defendants are and were at all times relevant, common carriers for hire which conduct transactions on a continuous and systematic basis within the instant forum.

6. That further, Defendants have consented to the instant jurisdiction and venue by virtue of its bill of lading terms and conditions.[1]

7. That Plaintiff is a foreign corporation; Plaintiff brings the instant action on its own behalf and/or for the use and benefit of United Notion and Fabrics, Inc.; and/or ECT Transport Ltd., d/b/a Seaquest Lines.

## GENERAL ALLEGATIONS

8. That all conditions precedent to the maintenance of this action have been met, waived, and/or excused.

9. That on or about January 23, 2007, Defendant APL issued or caused or authorized to be issued bill of lading APLU 005757668 representing its agreement and Co-Defendant Hyundai Confidence v. 103E's agreement to undertake the carriage of

---

[1] This allegation is without prejudice and shall not constitute an admission or a waiver with respect to the enforceability of any or all terms and conditions or the subject contract of carriage, if any.

2

goods and the safeguarding of said goods from Seocho-Dong, Seocho-Gu, Seoul Korea to Irving, Texas.

10. As set forth in said Bill of Lading the Defendants undertook the multi-modal transportation of certain textile goods and thereby agreed to deliver same to the consignee in the same good order and condition as they were received.

11. That Defendants received said cargo in good order and condition.

12. That Defendants delivered said cargo in a damaged condition.

13. As a direct and proximate result, Plaintiff has been damaged within the jurisdictional limits of this Court.

## COUNT I
### Carriage of Goods by Sea Act 46 USCA formerly 1300 et.seq.; recodified at 46 USC Section 30701, et seq.

14. Plaintiff repeats and realleges the allegations of paragraphs 1-13 as if fully set forth herein.

15. As common carriers of goods, Defendants owed a statutory duty of care to properly safeguard and deliver goods entrusted to it.

16. That the subject goods were delivered to the Defendants in good order and condition.

17. That Defendants failed to deliver same in good order and condition.

18. That Defendants are liable for the damages to the subject cargo pursuant to the Carriage of Goods by Sea Act.

19. That as a direct and proximate result of Defendants' breaches of its statutory duty of care, Plaintiff has been damaged within the jurisdictional limits of this Court.

**WHEREFORE**, Plaintiff, AGILITY demands judgment against Defendants, jointly and severally, together with an award of prejudgment interest, costs, and any other further relief the Court deems just and proper.

## COUNT II
### Breach of Contract

20. Plaintiff repeats and realleges the allegations of paragraphs 1-13 as if fully set forth herein.

21. As set forth above, Defendant APL issued bill of lading APLU 005757668.

22. That said bill of lading is both evidence of the receipt of the subject cargo in good order and condition by the Defendants and further evinces Defendants' obligation to effect delivery in good order and condition at the place designated thereon.

23. That Plaintiff and Defendants entered into a contractual agreement whereby in exchange for payment of freight charges by the Plaintiff, Defendants would properly safeguard and deliver the subject cargo.

24. That Defendants failed to deliver the cargo in good order and condition resulting in damages to the Plaintiff.

25. That Defendants' failure(s) in this regard constitute a material breach of the contract which proximately resulted in damages to the Plaintiff in amounts within the jurisdictional requirements of this Court.

**WHEREFORE**, Plaintiff, AGILITY demands judgment against Defendants, jointly and severally, together with an award of prejudgment interest, costs, and any other further relief the Court deems just and proper.

## COUNT III
## Material Deviation, Willful Misconduct, and Gross Negligence

26. Plaintiff repeats and realleges the allegations of paragraphs 1-13 as if fully set forth herein.

27. As set forth above, Defendant APL issued bill of lading APLU 005757668.

28. That said bill of lading is evidence of the receipt of the subject cargo in good order and condition by the Defendants and further evinces Defendants' obligation to effect delivery in good order and condition at the place designated thereon.

29. That Plaintiff and Defendants entered into a contractual agreement whereby in exchange for payment of freight charges by the Plaintiff, Defendants would properly safeguard and deliver the subject cargo.

30. That as a common carrier of goods, Defendants owed an extra-contractual duty of care to properly safeguard and deliver goods entrusted to it.

31. That Defendants failed to deliver the cargo in good order and condition resulting in damages to the Plaintiff.

32. That Defendants' failure(s) in this regard constitute a breach of this extra-contractual obligation which proximately resulted in damages to the Plaintiff in amounts within the jurisdictional requirements of this Court.

33. That furthermore, Defendants' failures in this regard rose to the level of a material deviation, gross negligence, or reckless misconduct or indifference to the safeguarding of the materials, and as such, any asserted limitation of liability on the part of the Defendants is null and void.

**WHEREFORE**, Plaintiff, AGILITY demands judgment against Defendants, jointly and severally, together with an award of prejudgment interest, costs, and any other further relief the Court deems just and proper.

Dated: New York, New York
January 17, 2008

Respectfully submitted,

KAPLAN, VON OHLEN & MASSAMILLO, LLC

/S/
By: _____
NICHOLAS E. PANTELOPOULOS (NP-4969)
555 Fifth Avenue, 15th Fl.
New York, New York 10017
Telephone: (212) 922-0450
Facsimile: (212) 922-0530

-and-

HYMAN SPECTOR & MARS, LLP
ANDREW R. SPECTOR (ARS-3887)
150 West Flagler Street, Suite 2701
Miami, Florida 33130
Telephone: (305) 371-4244
Facsimile: (305) 371-5930

*Attorneys for Plaintiff, AGILITY LOGISTICS CORP. f/ka/ GEOLOGISTICS AMERICAS, INC.*